[763 NYS2d 496]

# In the Matter of STUART J. STEIN, an Attorney, Resignor.

Second Department, August 18, 2003

### APPEARANCES OF COUNSEL

*Stuart J. Stein,* St. James, resignor pro se.

*Robert P. Guido,* Syosset (*Stacey J. Sharpelletti* of counsel), for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Stuart J. Stein has submitted an affidavit dated April 29, 2003, wherein he tenders his resignation as an attorney and

counselor-at-law (*see* 22 NYCRR 691.9). Mr. Stein was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 18, 1970.

Mr. Stein has been informed that the Grievance Committee's investigation has adduced evidence of professional misconduct against him and that charges would be prosecuted against him in a disciplinary proceeding to be recommended to the Court. Mr. Stein acknowledges that he received two checks in August 1999 and January 2000 representing the down payment on a commercial real estate transaction on behalf of his clients. Mr. Stein was supposed to have deposited the down payment, which amounted to $85,000, in an interest-bearing escrow account.

In May 2000 the prospective purchaser sought to exercise his right to terminate the contract of sale and demanded the return of the down payment, with accrued interest. Mr. Stein's client contended that the purported termination was ultimately under the terms of the contract. This led to a civil action by the prospective purchaser against Mr. Stein and his client to recover damages for breach of contract. In February 2002 the court found in favor of the purchaser. Mr. Stein paid the sum of $86,947.88 but acknowledged that during the time the down payment was entrusted to him, he failed to properly deposit, maintain, and preserve these funds intact.

Mr. Stein acknowledges his inability to defend himself on the merits against any disciplinary charges that would be initiated against him by the Grievance Committee based upon the professional misconduct described herein. He avers that his resignation is freely and voluntarily rendered and that he is not being subjected to coercion or duress by anyone. Mr. Stein has discussed his decision to resign with persons whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

Mr. Stein's resignation is submitted subject to any application which may be made by the Grievance Committee for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of Mr. Stein's resignation.

Inasmuch as the proffered resignation comports with the Court rules, it is accepted, Mr. Stein is disbarred, and, effective immediately, his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, FLORIO and S. MILLER, JJ., concur.

Ordered that the resignation of Stuart J. Stein is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stuart J. Stein is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Stuart J. Stein shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stuart J. Stein is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.